NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Criminal No. 98-149 (SRC) |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| LILIAM PRECILLA, : | |
| : | |
| Defendant. : | |
| : | |

**CHESLER**, District Judge

      This matter comes before the Court on the motion for return of property by Defendant Liliam Precilla.  For the reasons stated below, the motion will be denied.

      On December 9, 1998, this Court entered Judgment in this criminal case.  On September 27, 1999, and on December 6, 1999, Defendant Liliam Precilla filed applications for the return of currency that Defendant alleges was seized and confiscated by the United States of America (the "Government.")  In opposition, the Government contends, in short, that it followed all the legal requirements for seizure and administrative forfeiture stated in 19 U.S.C. §§ 1607 and 1608, and that a notice of seizure was first published on May 20, 1998.  This notice informed Defendant that she had until June 9, 1998 to contest the forfeiture of the seized property.  Defendant did not contest the forfeiture until September 27, 1999, well after the deadline had passed.

      The statute, 19 U.S.C. § 1608, states: "Any person claiming such vessel, vehicle, aircraft, merchandise, or baggage may at any time within twenty days from the date of the first publication of the notice of seizure file with the appropriate customs officer a claim stating his

interest therein." Defendant thus had 20 days from the date of the first publication of the notice of seizure to file a claim contesting the seizure. Defendant has not submitted any evidence which shows that she complied with this requirement, nor even asserted that she complied with it.

The Third Circuit has stated:

> If an individual fails to contest an administrative forfeiture, he loses all recourse for judicial review of the administrative proceeding's merits. His only opportunity to regain his property interest rests on a due process or procedural claim or on filing a petition for remission (pardon) with the administrative agency.

Longenette v. Krusing, 322 F.3d 758, 761 n.4 (3d Cir. 2003) (citation omitted). The record indicates that Defendant failed to contest the administrative forfeiture. The only available basis for judicial review of the administrative forfeiture would be a claim of due process or procedural violations. Defendant's applications do not assert any due process or procedural violations. As such, Defendant's applications fail to provide this Court with a basis to review the administrative forfeiture. The applications for return of property will be denied.

For these reasons,

**IT IS** on this 7th day of July, 2014

**ORDERED** that Defendant's motion for return of property (Docket Entry No. 30) is **DENIED**.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge